**NEW FALLS CORP., Plaintiff–Appellant,**

**v.**

**Edward N. LERNER, Defendant–Appellee.**

**No. 08–4991–cv.**

United States Court of Appeals, Second Circuit.

Nov. 10, 2009.

Richard M. Levy (Douglas M. Evans, on the brief) Kroll, McNamara, Evans & Delehanty, LLP, West Hartford, CT, for Appellant.

Thomas E. Katon, Susman, Duffy & Segaloff, P.C., New Haven, CT, for Appellee.

PRESENT: JOSÉ A. CABRANES, and DEBRA ANN LIVINGSTON, Circuit Judges, and EDWARD R. KORMAN,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant New Falls Corporation appeals a September 30, 2008 final judgment of the District Court (Stefan R. Underhill, *Judge*) entered after the District Court granted summary judgment to defendant-appellee Edward N. Lerner. *New Falls Corp. v. Lerner*, 579 F.Supp.2d 282 (D.Conn.2008). We assume the parties' familiarity with the facts and procedural history of this action and set forth only so much of that history as is necessary to explain our decision here.

New Falls brought this diversity action alleging that Lerner committed legal malpractice by failing to perfect an attachment of real estate. Lerner committed the alleged malpractice while representing another entity, Stornawaye Capital, LLC, in an action to enforce a loan. *Id.* at 283–84. Stornawaye assigned its rights in the loan enforcement action to New Falls, and New Falls subsequently brought this claim for legal malpractice as Stornawaye's successor. *Id.*

The District Court granted Lerner's motion for summary judgment on the ground that New Falls was not the real party in interest to the malpractice claim. *Id.* at 283. The District Court held that the assignment between Stornawaye and New Falls was governed by California law because the assignment contract explicitly provided that it "shall be construed, and the rights and obligations of the Seller and Buyer ... determined, in accordance with the law of the State of California." *Id.* at 286. Noting California's "well-established prohibition on the assignability of legal malpractice claims," the District Court concluded that Stornawaye's assignment of its rights in the loan enforcement action could not, under California law, have included an assignment of potential legal malpractice claims. *Id.* at 283.

On appeal, New Falls claims that the District Court erred in applying California law to the issue of whether the malpractice claim was assignable. New Falls maintains that Connecticut law—which, according to New Falls, permits assignment of malpractice claims—should have applied because Connecticut was the state in which the alleged malpractice took place.

█ Reviewing the District Court's grant of summary judgment *de novo, Sassaman v. Gamache*, 566 F.3d 307, 312 (2d Cir.2009), we affirm the District Court's clear and thoughtful order. Stornawaye and New Falls unequivocally agreed that California law "determined" their "rights and obligations" under the assignment contract. *New Falls*, 579 F.Supp.2d at 286. As a result, the "rights" that New Falls acquired in the assignment could not

---

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

have included a right to bring malpractice claims, which is a right that cannot be assigned under California law. As the District Court aptly put it, "[b]ecause any attempt to assign a legal malpractice claim by a contract governed by California law is rendered void on the basis of California's emphatic public policy prohibiting the assignment of legal malpractice claims, Stornawaye's attempt to transfer its legal malpractice claim against Lerner to New Falls was ineffective as a matter of law." *Id.* at 288. New Falls, therefore, may not assert Stornawaye's rights in this malpractice action, and the District Court correctly granted summary judgment for Lerner.

■ We reject New Falls' contention that the District Court erred in applying California law. The District Court, a federal court sitting in diversity, properly applied the choice-of-law rules of its forum state, Connecticut. *Id.* at 286; *see Wall v. CSX Transp., Inc.,* 471 F.3d 410, 415 (2d Cir.2006). As the District Court correctly noted, Connecticut law provides that "[p]arties to a contract generally are allowed to select the law that will govern their contract." *New Falls,* 579 F.Supp.2d at 286 (quoting *Elgar v. Elgar,* 238 Conn. 839, 679 A.2d 937, 943 (1996)); *see also Fieger v. Pitney Bowes Credit Corp.,* 251 F.3d 386, 393 (2d Cir.2001). The only exceptions to that general rule arise when "(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue." *New Falls,* 579 F.Supp.2d at 286 (quoting *Elgar,* 679 A.2d at 943). Neither of those exceptions applies here. First, Stornawaye is a California corporation, *id.* at 292–93, and thus we

agree with the District Court that California has a substantial relationship to the parties, *see Elgar,* 679 A.2d at 944 (finding that New York had a substantial relationship to the parties because "plaintiff was at all times a New York resident"). Second, we agree with the District Court that Connecticut has expressed no "fundamental policy," *Elgar,* 679 A.2d at 943, that conflicts with the application of California law in this action, *New Falls,* 579 F.Supp.2d at 293 (noting that Connecticut adopts a mixed approach to the assignability of malpractice claims). In any event, we cannot say that Connecticut has a "materially greater interest" than California "in the determination of the particular issue," *Elgar,* 679 A.2d at 943, because the loan that gave rise to the enforcement action—and the alleged malpractice—is also governed by California law, *New Falls,* 579 F.Supp.2d at 293.

Accordingly, the District Court correctly applied California law to the issue of whether Stornawaye's malpractice claim was assignable; the District Court correctly determined that, under California law, Stornawaye could not have assigned any malpractice claims; and thus the District Court correctly granted summary judgment to Lerner on the ground that New Falls was attempting to enforce a right that it did not have.

We therefore AFFIRM the District Court's September 30, 2008 judgment.